<hr />

DE LONG HOOK & EYE CO. v. FRANCIS HOOK & EYE & FASTENER CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 146.

TRADE-MARKS AND TRADE-NAMES (§ 99*)—SUIT FOR UNFAIR COMPETITION—CONCLUSIVENESS OF INTERLOCUTORY DECREE.

Where by an interlocutory decree on the merits it was adjudged that a defendant was chargeable with unfair competition in simulating the dress of complainant's goods, and a reference was directed to take an accounting of profits recoverable, all questions as to defendant's liability are concluded, and cannot be reopened before the master.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 99.*

Unfair competition, see notes to Scheuer v. Muller et al., 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the Circuit Court (159 Fed. 292), which decree confirmed the master's report herein and awarded complainant $5,019, with interest and costs; said principal sum representing the profits wrongfully acquired by defendant in the sale of cards of hooks and eyes fraudulently simulating complainant's cards.

Edmund Wetmore and J. William Ellis, for appellant.
Charles E. Rushmore, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Defendant, a New York corporation, succeeded a West Virginia corporation, which had for some time been pirating complainant's cards. It actually began to do business the 1st of May, 1902, and the figures found by the master as representing the profits made by defendant upon its sales subsequent to that date are those furnished by the defendant. In order to understand the precise point presented by defendant upon this appeal, it will be necessary briefly to review the history of the litigation.

The suit was begun May 3, 1902, against defendant's predecessors in the state court. Complaint was then amended by substituting defendant, which thereupon removed the cause into the United States Circuit Court. The cause came on for hearing on pleadings and proofs before the Circuit Court, which held that defendant had "manufactured and sold cards of hooks and eyes which are in simulation and evident resemblance of those of complainant set forth in the bill of

complaint and put in evidence as Complainant's Exhibits De Long Cards Nos. 4, 5, and 6, in violation of the rights and to the injury of said complainant, and that such simulation and resemblance was intentional, for the purpose of deceiving the public and an unlawful and fraudulent competition in business." The Circuit Court directed the issuance of an injunction, and adjudged that defendant "account for and pay to the complainant all the profits realized by it on the sale of hooks and eyes carded by it and sold by it in imitation of the aforesaid carding" of the hooks and eyes manufactured and sold by the complainant." It referred the cause to a master to take the account. Appeal was taken to this court, which modified the decree by eliminating carding such as was shown in Exhibit No. 6, and affirmed it as to carding such as shown in Nos. 4 and 5. Upon the return of the mandate the former decree of the Circuit Court was modified by striking out all reference to "No. 6"; the language above quoted as to accounting for profits being repeated in the modified decree. The master took testimony, accepted defendant's statement as to the amount of profits, and reported the same as $5,019, with interest. Defendant excepted to the report, the court overruled the exceptions and confirmed the report, and defendant has appealed.

The point mainly relied upon is that the master refused to receive testimony to show that complainant had not continued to card and sell its hooks and eyes as shown in Exhibits 4 and 5, down to the period covered by defendant's infringement; it being contended that, if such goods were withdrawn from the market, defendant could not be liable for profits derived from simulating. It is not necessary to pass upon the merits of this contention. We do not intend to intimate that it has any merit. The master properly excluded the testimony, because the question was conclusively disposed of by the decree. The point, if sound, bears, not upon the amount of profits, but upon complainant's right to any decree at all for profits. That question was a part of the main case, and should have been litigated upon the trial. The decree for profits, which has been affirmed by this court, finally disposed of it.

The same remarks apply to the proposition that the laches of complainant's predecessors is sufficient to preclude any right to an account for past profits. A defendant cannot hold back such a point as that when trying the case on the merits, and then, after he has been defeated, and the decree affirmed on appeal, present it for the first time before the master.

The decree is affirmed, with costs.